JOSEPH H. BREAULT *vs.* VICTOR KARASEK.

JUNE 30, 1950.

PRESENT: Flynn, C.J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J.   This action of trespass on the case for alienation of affections was tried in the superior court before a justice sitting without a jury.   It resulted in a decision for the plaintiff in the sum of $3000 and is before this court on defendant's bill of exceptions to that decision and to certain rulings on admission of evidence in the course of the trial.

The defendant in his brief expressly waives exceptions numbered 1 to 7 inclusive, which relate to the rulings on

the admission of evidence. His exceptions 8 to 13 inclusive are relied on and all relate to the decision of the court, although they are expressed separately under allegations that the decision is against the law, the evidence and the weight thereof, that it fails to do substantial justice between the parties, and that the damages are excessive.

The plaintiff was an ambitious, industrious mill worker who was happily married and living with his wife and two children. To increase his income he accepted outside employment and also conducted a dance band which played engagements after working hours. His wife and defendant played instruments in the band. On nightly automobile trips to Roxbury, Massachusetts, and other places a close friendship sprang up between the wife and defendant. Their conduct aroused plaintiff's suspicions and he requested defendant personally and by other means to cease his attentions to her. The defendant, however, persisted in his pursuit of her and according to plaintiff's evidence, which was given in detail, these suspicions later were proved to be well founded. That evidence includes an alleged statement by defendant in the presence of the wife admitting their wrongdoing. Defendant's wrongful conduct, according to plaintiff, ultimately resulted in the destruction of his wife's affections for him to the extent that she finally left his home.

On the other hand defendant and plaintiff's wife, who testified for him, both denied any wrongdoing or admissions thereof. They sought to explain various incidents mentioned by the plaintiff in a somewhat different way. They testified that their conduct on these occasions was harmless and contended that the charges were nothing more than the unfounded suspicions of a jealous husband and that the wife never lost her affection for her husband. At the conclusion of the testimony the trial justice passed favorably upon plaintiff's credibility and came to the conclusion, after considering the conflicting evidence, that plaintiff

had amply proved that defendant had caused the alienation of the wife's affection for plaintiff.

We have examined the transcript and defendant's contentions, and we are unable to say that the trial justice was clearly wrong. In certain respects the evidence was conflicting. But there was considerable evidence of circumstances and also testimony of defendant and the wife which in our judgment corroborated material parts of plaintiff's evidence and supported inferences contrary to defendant's testimony. The trial justice had the opportunity of seeing and hearing the witnesses testify and we do not find that he overlooked any material evidence or misconceived the applicable law.

The defendant claims, however, that the trial justice made no finding or observation concerning the allegation of criminal conversation appearing in the declaration and that without such a finding the evidence does not support the decision. This argument overlooks the fact that the declaration contained allegations sufficient to support a count of alienation of affections. While there also appears an allegation of criminal conversation, no demurrer was ever filed and the case was tried on the one count. In the circumstances the decision can be sustained if there is evidence to support either of such allegations. In our opinion there is such evidence as to alienation of affections, apart from any claim as to criminal conversation.

Defendant also argues that he and plaintiff's wife positively denied incidents of wrongdoing relied upon by plaintiff, and that therefore such evidence must preponderate in favor of defendant and against the decision. He overlooks many circumstances and facts which, if believed, would contradict the positive testimony of defendant and the wife on these issues. From our examination of the transcript we are unable to find that the evidence requires a decision for defendant or that the trial justice was clearly wrong on the issue of liability.

On the question of damages the trial justice pointed out

that $3000 might not fully compensate the plaintiff, but that he awarded that amount in order not to place an unreasonable burden on defendant for the rest of his life in view of the latter's financial condition. In these cases courts are reluctant to set aside an award of damages unless they are clearly unreasonable and excessive. We find nothing in the evidence or argument which requires such conclusion. The defendant's exceptions as to both liability and damages are therefore overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Walter Sharkey,* for plaintiff.
*William G. Grande, John S. Brunero,* for defendant.